evidence that, at the time the writ of replevin in this cause was sued out and levied on the cow and calf therein mentioned, the same were in the custody of the defendant by virtue of the levy thereon of the attachment given in evidence, then the plaintiff is not entitled to recover under the issue joined in this cause."

The following is the verdict of the jury: "The jury find for the defendant, and assess his damages at one cent. They also find the property mentioned in the replevin to be in plaintiff, and the replevin bond given by the plaintiff to be in no wise answerable to the defendant."

Judgment on the verdict for one cent damages and costs. No return of property awarded or to be awarded.

---

TA–WAN–GA–CA (UNITED STATES v.).
See Case No. 16,435.

---

## Case No. 13,768.

### Ex Parte TAWS.

[2 Wash. C. C. 353.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

JAIL—SAFETY OF PRISONER—DISCRETION OF JAILER.

The court will not interfere with the jailer, who has custody of a prisoner under process, in the exercise of the discretion vested in him, as to the security of his prisoner; unless it appears that he has misconducted himself, by an abuse of that discretion, for the purposes of oppression.

The court was applied to for a habeas corpus, for the purpose of inquiring into the cause of the petitioner's confinement, without the privilege being allowed him of the yard adjoining the debtors' apartment. It appeared by affidavits, that Taws was confined, on process from the district court, to recover the penalty for violating the embargo, in which he was held to bail in twenty thousand dollars. That he had been permitted the use of the yard, until, in consequence of some threats that he would escape, the jailer thought it prudent to keep him in a room of the debtors' apartment, which did not appear to be an uncomfortable one. It also appeared, that the wall surrounding the yard, was not very secure.

BY THE COURT. We do not think it right to interfere with the jailer in the exercise of the discretion vested in him, as to the security of his prisoners; unless it appeared that he misused it for purposes of oppression, of which there is no evidence in this case.

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

TAYLOE (BARNARD v.). See Case No. 1,008.

TAYLOE (CENTRAL BANK v.). See Case No. 2,548.

---

## Case No. 13,769.

### TAYLOE v. DAVIDSON.

[2 Cranch, C. C. 434.] 1

Circuit Court, District of Columbia. Oct. Term, 1823.

NOTES—INDORSER—PAYMENT DEMANDED OF MAKERS—BY WHOM MADE.

1. Upon a promissory note, dated at Georgetown, D. C., by which T. C. and J. W. (not being in partnership, and one of them residing in Maryland,) jointly and severally promise to pay to L. G. D. or order, $600, eighteen months after date, it is necessary, in order to charge the indorser, that payment should have been, in due time, demanded of each of the makers of the note, although one of them resided in Maryland, out of the jurisdiction of this court, when the note was given, and when it became payable.

2. It is not necessary that payment of a promissory note should be demanded by a notary public.

3. The demand may be made by any other agent of the holder.

Assumpsit [by John Tayloe], against the indorser of a promissory note, made by Thomas Crawford, and John Winemiller, dated at Georgetown, D. C., May 10th, 1820, by which, eighteen months after date, they did "jointly and severally agree and promise to pay to Lewis Grant Davidson, or order, $600, for value received." This note was indorsed by the payee, the defendant, to the plaintiff. The plaintiff in his declaration avers, that on the 13th day of November, 1821, "he showed and presented the said note, with the indorsement so made thereon, as aforesaid, to the said Thomas Crawford and John Winemiller, and each of them, and then and there required the said Thomas Crawford and John Winemiller, and each of them, to pay the same; but the said Thomas and John, or either of them, did not pay," &c. Mr. Whetcroft, the notary public, who resides in the city of Washington, at the request of the Bank of the Metropolis, whose banking house is in Washington, demanded payment of Crawford, who resides in Georgetown, (but did not demand payment of Winemiller, who resided in Montgomery county in Maryland, a few miles from Georgetown,) on the 3d day of grace, and on the following day, put a letter into the post office in Washington, directed to the defendant at Georgetown, in time for the mail of that day, informing him that the note had been delivered to him by the Bank of the Metropolis, and that, not being paid, he had protested it and returned it to the bank.

Mr. Key and Mr. Dunlop, for defendant, contended that the defendant was not liable because payment had not been demanded of

---

1 [Reported by Hon. William Cranch, Chief Judge.]